**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| EDGAR PEREA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> INDUSTRIAL PALLET, LLC, et al., <br><br> Defendants. | No. 3:21-cv-0533 (MPS) |

**SCHEDULING ORDER**

The Rule 26(f) Report (ECF No. 21) is APPROVED, except as set forth in this order. All discovery, including depositions of expert witnesses, will be completed (not propounded) by **March 15, 2022**. A damages analysis for the FLSA claims will be provided by **October 1, 2021**. A damages analysis will be provided by any party who has a claim or counterclaim for damages other than the FLSA claims by **November 1, 2021.** The parties will designate all trial experts and provide opposing counsel with reports from retained experts on any issues on which they bear the burden of proof by **December 15, 2021**. Depositions of any such experts shall be completed by **February 1, 2022**. The parties will designate all trial experts and provide opposing counsel with reports from retained experts on any issues on which they do not bear the burden of proof by **January 15, 2022**. Depositions of any such experts shall be completed by **March 1, 2022**. Summary judgment motions shall be due by **May 14, 2022**. The joint trial memorandum will be due on the later of **June 30, 2022, or 45 days** after the Court's summary judgment ruling. The case will be trial ready upon the filing of the joint trial memorandum.

In addition, the Court will hold a mid-discovery Telephonic Status Conference on **Tuesday, January 18, 2022 at 4:00pm**; the Court will provide the parties with the dial-in information. The parties will file a joint status report by **January 11, 2022**.

**The Court encourages the parties to discuss settlement as soon as possible. Nearly all civil cases settle, and at some point in this case, the Court will refer the parties to mediation with a U.S. Magistrate Judge to explore the potential for settlement. The sooner that occurs, the less expensive the case will be for the parties. The Court understands that sometimes it is necessary to conduct some discovery before the parties can engage in a productive mediation. If the parties believe this is such a case, the Court encourages them to discuss exchanging limited discovery, perhaps including one deposition by each party and the written discovery necessary to prepare for that deposition, before proceeding to mediation. But the parties may begin settlement discussions at any time, either by themselves or with the assistance of a U.S. Magistrate Judge. Should the parties wish at any time to be referred to a Magistrate Judge for mediation, they need only so indicate to the Court by filing a joint statement making such a request (which may be as short as a single sentence), by filing a statement by one party representing in good faith that counsel for all parties have conferred and agree that such a referral would be appropriate, or by telephoning chambers to make the same representations.**

Finally, the parties are responsible for following the appended instructions regarding (1) joint status reports, (2) discovery disputes, and (3) the joint trial memorandum, all of which the Court hereby incorporates as part of this Scheduling Order.

IT IS SO ORDERED.

                                      /s/_____

                                                                       Michael P. Shea, U.S.D.J.

Dated:        Hartford, Connecticut
                 August 5, 2021

## I.  INSTRUCTIONS FOR STATUS REPORTS

On or before the deadline assigned by the Scheduling Order, the parties shall file with the Clerk's Office, with certification copies sent to all counsel of record, an original joint status report, stating the following:

(a) The status of the case, describing the status of discovery and identifying any pending motions and any circumstances potentially interfering with the parties' compliance with the scheduling order;

(b) Interest in referral for settlement purposes to a United States Magistrate Judge or to the District's special masters program;

(c) Whether the parties will consent to a trial before a magistrate judge; and

(d) The estimated length of trial.

No status reports will be accepted via facsimile.

## II. INSTRUCTIONS FOR DISCOVERY DISPUTES

All discovery issues should be resolved in good faith by counsel in accordance with their obligations to the Court under the Federal Rules of Civil Procedure and the District's Local Rules. Before filing any motion relating to discovery, the parties are required to comply with the following requirements:

1. Counsel for parties to discovery disputes must jointly contact Judge Shea's Chambers by telephone to notify the Court that a dispute exists and provide a brief oral description of the nature of the dispute. Except in extraordinary circumstances, Chambers staff will not entertain such a communication unless counsel for all parties to the discovery dispute are on the telephone when the call is made to Chambers.

2. Within three (3) days of counsel contacting Chambers to notify the Court of the existence of a dispute, each party must provide Chambers via e-mail with a written submission summarizing the nature of the dispute and briefly explaining its position. The written submission shall take the form of a letter and shall be no more than two pages in length. All such communications must be copied to opposing counsel and must include the certification discussed in paragraph 6 below.

3. If the dispute involves a written interrogatory, request for production, request for admission, deposition notice and/or subpoena (the "discovery request"), counsel for the party who served the discovery request at issue will, along with the written submission, provide Chambers via e-mail with a copy of the particular discovery request at issue and the opposing party's written response to that particular request. Judge Shea does not need the entire discovery request and response but requires only the particular portions of the discovery request and response at issue.

4. Other than the written submission and any discovery requests and responses at issue, Judge Shea does not require, and does not want, counsel for the parties to provide him with any briefs, documents, deposition transcripts, correspondence or written argument regarding the discovery issue in dispute.

5. Following a review of the written submission and any discovery requests and responses at issue, the Court will determine whether additional steps, such as a telephonic conference with the Court or additional briefing, are necessary for the Court to resolve the discovery dispute. In some cases, the Court may determine that no additional input is needed and issue an order based only on the letters and relevant discovery requests and objections submitted by the parties. Any such order will reflect the input received from the parties and will allow the parties to docket the materials submitted if they wish to preserve the record on particular points.

6. Before contacting Chambers to notify the Court of a discovery dispute, counsel for parties to any discovery dispute are required by Rule 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule 37(a) to have conferred with one another and to have made a good faith effort to eliminate or reduce the area of controversy.  All discovery issues should be resolved in good faith by counsel in accordance with their obligations to the Court under the Federal Rules of Civil Procedure and the District's Local Rules.  Judge Shea interprets the good faith conference obligation of the Federal Rules and Local Rules to require counsel to confer either face-to-face or by telephone; exchanges of correspondence are not sufficient in and of themselves to satisfy counsel's good faith conference obligations. **All written submissions describing the nature of the dispute submitted to the Court must include a written certification by each party that they have complied with their good faith conference obligations under the Federal Rules and Local Rules.**

7. Before notifying the Court of a discovery dispute, counsel for all parties to a discovery dispute must also agree upon the issues that they intend to raise with Judge Shea and inform Chambers of those issues at the time of the notification.  If the parties cannot in good faith agree upon the issues to be raised with Judge Shea, they shall so notify Chambers.

8. Should the Court schedule a telephonic conference to discuss the dispute with the parties, counsel should agree in advance on which party will be responsible for initiating the telephonic discovery conference.  Counsel should not contact Judge Shea's Chambers until counsel for all parties to the discovery dispute are on the telephone.  Failure to participate in a scheduled telephonic discovery conference may result in the imposition of sanctions.

9. Should the Court issue any order following the telephonic conference, the party against whom the order is directed shall comply within 14 days pursuant to Local Rule 37(d), unless otherwise ordered by the Court.

**III.     JOINT TRIAL MEMORANDUM INSTRUCTIONS**

The parties shall confer and shall jointly prepare and submit for the Court's approval a Joint Trial Memorandum in compliance with the District's Standing Order Regarding Trial Memoranda in Civil Cases as modified in these instructions. **In addition to filing an original of the Joint Trial Memorandum with the Clerk of the Court, counsel shall also provide Chambers with a courtesy copy of the Joint Trial Memorandum and all attachments, both in hard copy and as an electronic file compatible with Microsoft Word, sent to Chambers via e-mail or saved on a CD-ROM.** The Joint Trial Memorandum is intended to be a jointly prepared document. Therefore, these Instructions are not satisfied by stapling together trial memoranda prepared separately by counsel for each party.

The Joint Trial Memorandum shall contain the following information:

1. TRIAL COUNSEL: Counsel shall list the names, addresses, telephone numbers, fax numbers and e-mail addresses of the attorney(s) who will try the case. **Trial counsel must attend the Final Pretrial Conference, unless excused in advance by the Court.**

2. JURISDICTION: Counsel shall set forth the basis for federal jurisdiction.

3. JURY/NON-JURY: Counsel shall state whether the case is to be tried to a jury or to the Court.

4. LENGTH OF TRIAL: Counsel shall set forth a realistic estimate of trial days required based on the expected length of testimony for each witness on both direct and cross-examination.

5. FURTHER PROCEEDINGS: Specify, with reasons, the necessity of any further proceedings prior to trial.

6. NATURE OF CASE: Counsel for both parties shall separately state the nature of each cause of action and the relief sought. If appropriate, state the nature of any cross-claims, counterclaims and/or affirmative defenses.

7. TRIAL BY MAGISTRATE JUDGE: Counsel shall indicate whether they have agreed to a trial by a Magistrate Judge and if so, file signed consent forms providing for any appeal to be heard directly by the Court of Appeals.

8. EVIDENCE: **Prior to preparing and submitting the Joint Trial Memorandum, counsel are required to exchange lists of proposed witnesses, exhibits and deposition transcripts to enable counsel for each party to state in the Joint Trial Memorandum whether they object to any proposed witness, exhibit or transcript.**

    a. Witnesses: Counsel shall set forth the names and addresses of each witness to be called at trial, including a brief summary of the anticipated testimony and the expected duration of the witness's testimony. Counsel shall indicate which

witnesses are likely to testify and which witnesses will be called only if the need arises. For each expert witness, set forth the opinion to be expressed, a brief summary of the basis of the opinion and a list of the materials on which the witness intends to rely. Also state the area of the witness's expertise and attach a copy of the expert's report and a curriculum vitae, if available.

Any objection to the admissibility of the testimony of any witness must be stated in this section of the Joint Trial Memorandum, along with a brief statement of the grounds and authority supporting the objection as well as a brief statement from the proponent of the witness regarding admissibility.

**NOTE: Witnesses not included in this list shall not be permitted to testify at trial, except for good cause shown. All listed witnesses will be permitted to testify unless there is an explicit objection stated to the witness's testimony.**

b. Exhibits: Counsel shall attach a list of all exhibits—including a brief description of their contents—to be offered at trial, except for any exhibits used solely for impeachment. The parties shall mark all exhibits numerically with exhibit tags (which will be provided by the Clerk's Office upon request) starting with Plaintiff's Exhibit "1" and Defendant's Exhibit "501." Where there are multiple plaintiffs or defendants, counsel shall coordinate exhibit identification to ensure that exhibit numbers are not duplicated. Copies of the actual exhibits shall be exchanged no later than seven (7) days prior to submission of the Joint Trial Memorandum. **Copies of all exhibits as to which there may be objections must be brought to the Final Pretrial Conference.** Three (3) days before trial, counsel shall deliver to Judge Shea copies of all exhibits placed in a three-ring binder with a copy of the exhibit list at the front of the binder and with each exhibit separately tabbed, and shall deliver to the Courtroom Deputy the original set of exhibits along with an exhibit list.

Any objection to the admissibility of any exhibit must be stated in this section of the Joint Trial Memorandum, along with a brief statement of the grounds and authority supporting the objection as well as a brief statement from the proponent of the exhibit regarding admissibility.

**NOTE: Exhibits not exchanged seven (7) days prior to submission of the Joint Trial Memorandum and exhibits not listed will not be admitted at trial, except for good cause shown and except for any exhibits admitted solely for impeachment. All listed exhibits shall be deemed admissible unless there is an explicit objection stated to the exhibit.**

c. Deposition Testimony: Counsel shall list each witness who is expected to testify by deposition at trial. Such list will include a designation by page references of the deposition transcript which each party proposes to read into evidence. Cross-designations shall be listed as provided by Fed. R. Civ. P. 32(a)(6). The list shall include all objections to deposition designations. A marked-up version of the

deposition transcript should also be submitted along with the Joint Trial Memorandum (blue for plaintiff; red for defendant).

**NOTE: Objections not stated in the Joint Trial Memorandum will be deemed waived, except for good cause shown.**

9. STIPULATIONS AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW:  Counsel for both parties shall confer in an effort to enter into a written stipulation of uncontroverted facts and into an agreed statement of the contested issues of fact and law.

    a. Bench Trial: Each party shall submit specific proposed findings of fact necessary to support a judgment in that party's favor, identifying each witness and/or exhibit as to each factual conclusion. Each party shall also submit proposed conclusions of law, citing the legal authority that supports each claim or defense.

    Except by order of the Court, post-trial briefing will not be permitted.  Any pre-trial memoranda which any party(ies) wish the Court to consider must be filed no later than seven (7) days prior to the date trial commences.

    b. Jury Trial:  The stipulation of uncontroverted facts will be read to the jury, and no evidence shall be presented on the uncontested facts.

        i. Proposed Voir Dire Questions:  Counsel shall attach a list of questions to be submitted to the jury panel as part of the Joint Trial Memoranda, with any supplements no later than 24 hours before jury selection.

        ii. Proposed Jury Instructions: The parties shall meet and confer for the purposes of preparing and filing jury instructions.  Counsel shall attach requests for jury instructions, citing relevant legal authority for each proposed instruction. Counsel are not required to submit general jury instructions which, for example, instruct the jury on its role, evidence in general, witness credibility, etc.  If any party objects to another party's proposed instruction, counsel must briefly state the nature of the objection and the legal authority supporting the objection.

        iii. Proposed Verdict Form: Counsel shall meet and confer for the purposes of preparing and filing a proposed verdict form and/or special interrogatories. Counsel shall attach (and also include on the diskette) proposed verdict forms and any proposed special interrogatories.  If the parties are unable to agree as to the appropriateness of a proposed form, counsel for the objecting party must state the basis for the objection and provide an alternative proposal (on a diskette).

        iv. Brief Description of Case and Parties:  Counsel shall meet and confer and agree upon a brief description of the case, the issues and the parties that the Court can read to proposed jurors at the outset of jury selection.

10. <u>ANTICIPATED EVIDENTIARY PROBLEMS</u>: Counsel shall list any evidentiary problems anticipated by any party, **but counsel shall not file motions in limine with the Joint Trial Memorandum.** Instead, counsel shall file motions in limine along with memoranda of law concerning any anticipated evidentiary problems, including any issues relating to the admissibility of expert testimony under Fed. R. Evid. 702–05 and the *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), line of cases, **no later than 30 days before the first pretrial conference set by the Court.** The Court will typically schedule the trial and the pretrial conference shortly after the filing of the Joint Trial Memorandum. All memoranda in opposition to any motion in limine must be filed **no later than 15 days before the first pretrial conference set by the Court. Reply briefs shall not be filed in connection with motions in limine without obtaining permission in advance from the Court.**

11. <u>COURTROOM TECHNOLOGY</u>: Counsel shall specify what, if any, technology they intend to use during trial. For instance, if counsel intend to use an overhead projector, transparencies, Elmo, or to connect a laptop to display exhibits or other documents, they must specify as much in the Joint Trial Memorandum. Counsel may coordinate with the Courtroom Deputy to set up any technology in advance of trial.