# EXHIBIT A

## SETTLEMENT AGREEMENT FOR FAIR LABOR STANDARDS ACT CLAIMS

This stipulation and order for settlement (the "Agreement") is made and entered into by and between Juan Chach, Felipe Toj Chach, Raymundo Hernandez, David Sanchez, Raymundo Aguilera Zamudio, Sergio Angel, Fernando Avila, Gabino Chach, Miguel Chach, Federico Ciprian, Francisco Gonzalez, Gustavo Hernandez, Francisco Julian, Dionicio Nuñez, Sidronio Rebolledo Salas, Alejandro Ríos Cardona, Benigno Ríos Cardona, Hugo Ríos, Joaquin Ríos Recendiz, Uriel Ríos Cardona, Fabian Rivera Parra, and Orlando Valencia Víveros (collectively, the "Plaintiffs") and Industrial Pallet, LLC ("Industrial Pallet"), Randy Therrien, Joseph O'Brien, and Corey Dionne (collectively, the "Defendants," and together with the Plaintiffs, the "Parties"). This Agreement is effective as of the date this Court approves it (the "Effective Date").

This Agreement is made by and entered into among the Parties for the following purposes and with reference to the following facts:

WHEREAS, Plaintiffs commenced an action against Defendants before the United States District Court for the District of Connecticut, Docket No. 3:21-CV-00533-MPS (the "Action"), alleging, in relevant part, violations of the federal Fair Labor Standards Act (the "FLSA Claims");

WHEREAS, Defendants filed an Answer denying the allegations in the Action and asserting various defenses to the FLSA Claims;

WHEREAS, the Parties came to an agreement and now desire to settle, finally and completely, all disputes, claims, and controversies arising from the facts of the Complaint as alleged under the Fair Labor Standards Act, pursuant to the terms and conditions set forth below;

NOW, THEREFORE, in consideration of the foregoing recitals and for good and valuable consideration, the sufficiency and receipt of which are hereby mutually acknowledged, the Parties agree as follows:

1. <u>Payment to the Plaintiffs.</u> Contingent upon the District Court's approval of this Agreement, in consideration of the terms and conditions set forth herein, including, but not limited to, the releases, covenants, and waivers set forth in Section 4 of this Agreement, and in full and complete settlement of the FLSA Claims that Plaintiff has or had against any of the Company Releasees (as that term is defined in Section 4), Industrial Pallet agrees to pay the gross sum of Two Hundred Thousand Dollars ($200,000), less all applicable withholding taxes and payroll deductions and reported on IRS Forms W-2 to each Plaintiff (the "Total FLSA Payment").  The Total FLSA Payment shall be issued in twenty-two checks, made payable to each Plaintiff pursuant to the following schedule, less all applicable tax withholdings and payroll deductions required by law in the gross amounts of:

| | |
|---|---|
| Juan Chach | $10,926.84 |
| Felipe Toj Chach | $2,675.54 |
| Raymundo Hernandez | $1,979.76 |
| David Sánchez | $11,656.48 |
| Raymundo Aguilera | $2,003.80 |
| Sergio Cambrano | $12,988.40 |
| Fernando Avila | $13,432.99 |
| Gabino Chach | $13,661.11 |
| Miguel Chach | $8,156.87 |
| Federico Ciprian | $11,870.53 |
| Francisco Gonzalez | $2,390.22 |
| Gustavo Hernández | $2,014.75 |
| Francisco Julian | $2,346.25 |
| Dionicio Nuñez | $8,447.35 |
| Sidronio Rebolledo Salas | $6,176.51 |
| Alejandro Ríos Cardona | $14,645.23 |
| Benigno Ríos Cardona | $14,491.32 |
| Hugo Ríos | $17,499.10 |

| | |
|---|---|
| Joaquin Ríos | $14,494.05 |
| Uriel Ríos Cardona | $13,564.07 |
| Fabian Rivera Parra | $9,790.78 |
| Orlando Valencia | $4,788.05 |

The Total FLSA Payment checks shall be delivered by overnight delivery to the Jerome N. Frank Legal Services Organization, Yale Law School, 127 Wall Street, New Haven, CT 06511 within fourteen (14) business days of the later of the following: (a) the issuance of an order by the Court approving this Agreement; (b) the full execution of the Agreement by all of the Plaintiffs; or (c) the Plaintiffs' filing of the Stipulation of Dismissal set forth in Section 3. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d. Cir. 2015) (requiring court approval of FLSA settlements).

2. <u>Events of Default</u>. If Defendants fail, without good cause, to make full payment by the date specified in this Agreement, Plaintiffs shall issue notice to Defendants and provide a period of seven (7) days to cure. If Defendants thereafter fail, without good cause, to make full payment of the Total FLSA Payment, Defendants will be considered in breach of this Agreement and, upon written notice filed by one or more of the Plaintiffs, the United States District Court for the District of Connecticut (the "Court") shall enter judgment in favor of Plaintiffs against the Defendants, jointly and severally, for an amount equal to the Total FLSA Payment, less any amount paid pursuant to the terms hereof, plus interest at the federal judgment rate from the date of this Agreement, plus Plaintiffs' attorneys' fees for the preparation of and filing of a motion for entry of judgment with the Court.

3. <u>Dismissal of FLSA Claims</u>. Within three (3) days of the Court's approval of this Agreement, Plaintiffs shall file with the Court the Rule 41 Stipulation of Dismissal with Prejudice of their FLSA Claims, attached hereto as Exhibit A.

4. <u>Release of FLSA Claims</u>. In exchange for the consideration provided in this Agreement, Plaintiffs, each on behalf of themselves and their agents, heirs, and assigns, fully and finally release (a) Industrial Pallet and any and all of its parents, subsidiaries, or affiliates and its and their respective predecessors, successors, assigns, and/or insurers as well as its and their respective partners, directors, owners, officers, employees, attorneys and agents, all both individually and in their official capacities; and (b) each of the individual Defendants and their agents, heirs, assigns, representatives and attorneys (collectively, the "Defendants Releasees") of and from any and all claims, causes of action, suits, damages, demands, costs, debts, attorneys' fees, and expenses of any nature whatsoever, asserted or that could have been asserted under state or federal wage and hour laws, including but not limited to the Fair Labor Standards Act, against any of the Defendants Releasees from the beginning of time to the date of execution of this Agreement by Plaintiffs, to the full extent permitted by law.  Except as specifically provided in this Agreement (and the contemporaneous Agreements between Plaintiffs and Defendants resolving Plaintiff's non-FLSA claims), Plaintiffs each agree that they are not entitled to any other payments for salary, benefits, wages, bonuses, allowances, compensatory time, severance pay, notice pay, vacation or holidays, accrued leave, paid leave, or any other form or kind of payment or compensation from the Defendants for any work Plaintiffs performed through the date of Plaintiffs' execution of the Agreement.

5. <u>No Other FLSA Claims</u>. Plaintiffs each affirm that they have not filed or caused or authorized the filing of, or have been or are a party to, any claim, complaint, or action arising under any wage and hour laws, including the Fair Labor Standards Act, against any one or more of Defendants Releasees in any forum or form other than this Action. Plaintiffs further affirm that, other than the consideration provided for in this Agreement, Plaintiffs are not entitled to and will not receive or seek any additional compensation or benefits of any kind from Defendants Releasees in consideration for their release, promises, and covenants in this Agreement, and that no representations have been made to them regarding any such additional compensation or benefits.  The Parties acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state, or local governmental agency. However, if Plaintiffs file such a charge or complaint, they shall not be entitled to recover, waive their right to receive to the extent permitted by law, and will not accept any monetary remedy.  Should any proceeding be instituted by Plaintiffs with respect to matters here settled, released, or waived pursuant to the Agreement, other than an action to enforce the terms of this Agreement, this Agreement shall be deemed full accord, satisfaction, and settlement of any such claim(s) and sufficient basis for immediate dismissal thereof.

6. <u>No Admission</u>.  This Agreement and settlement shall not be construed as an admission of liability by any of the Defendants Releasees.  Defendants expressly deny any violation of any federal, state, or local laws or regulations.  The Agreement does not constitute an adjudication or finding on the merits of any claims by the United States District Court for

the District of Connecticut and will not be construed as an admission by Defendants of any violation.

7. <u>Court Approval</u>.  The Parties agree that if the Court does not approve this Agreement, the Agreement shall become null and void.

8. <u>Entire Agreement</u>. The Parties agree that this Agreement contains the entire understanding of the Parties in relation to the subject matter hereof and that there are no promises or terms of this Agreement between the Parties other than those contained herein. The Parties understand that this Agreement may only be modified by a writing signed by both the Parties.

9. <u>Severability; No Waiver</u>. In the event that any provision of this Agreement is found to be invalid by any court or other judicial or administrative body, the Parties agree that the remainder of the Agreement shall remain intact and in force.  The failure of any party to insist upon strict adherence to any term of this Agreement on any occasion shall not be considered a waiver thereof or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement.

10. <u>Representations</u>. The Parties have had the opportunity to seek and receive legal advice from the attorneys of their own choosing with respect to the advisability of making the settlement provided for in this Agreement. The Parties declare that they know and understand the contents of this Agreement.  In the event of a breach of this Agreement, the prevailing party shall be entitled to recover all legal fees incurred in enforcing this Agreement.

11. <u>Authority, Competence</u>. Each person signing this Agreement hereby represents that he, she, or they have authority to do so on behalf of the party indicated, and all necessary

approvals, resolutions, and authorities have been obtained. The persons signing this Agreement also represent that they have conferred, or been given the opportunity to confer, with their respective attorneys in connection with their execution of this Agreement. The Plaintiffs further agree that each of them has entered this Agreement voluntarily, that each of them is legally competent to sign this Agreement, and that they each have placed their signature on this Agreement as their own free act.

12. Multiple Originals. The Parties may execute multiple originals of this Agreement. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which, taken together, shall constitute the same instrument.

13. Electronic Records.  Defendants may convert this Agreement into an electronic record and/or store the Agreement electronically.  The Parties consent to and recognize the validity, enforceability, and admissibility of such electronic copy and/or record, which shall have the same force and effect as the original Agreement.

14. Costs, Fees, and Expenses. The Plaintiffs agree that each of them is fully and solely responsible for paying any taxes assessed against him resulting from this Agreement and performance of the Parties' obligations hereunder. The Defendants do not make any representations with respect to the tax consequences resulting from this Agreement.

15. Enforcement. The Parties agree that this Court shall retain jurisdiction to enforce the terms of this Agreement.

16. Construction. The Parties acknowledge that the terms of this Agreement were reached between the Parties. Because the Parties have each reviewed the terms of this Agreement, the usual rule that the provisions of a document are to be construed against the drafter does not apply to the interpretation of this Agreement. Otherwise, it is agreed that this

Agreement is entered into in the State of Connecticut and shall be construed and interpreted in accordance with its laws.

17. <u>Prevailing Language</u>.  The Agreement is drafted in English.  Should any conflict arise between the English language version of this Agreement and any translation(s) thereof, the English language version shall be controlling in all respects.

**PLAINTIFFS WARRANT THAT THEY HAVE READ THIS AGREEMENT, THAT THEY FULLY UNDERSTAND THE AGREEMENT, AND THAT THEY FREELY AND KNOWINGLY ENTER INTO THIS AGREEMENT.**

Dated:    04/14/2022    _____

**Juan Chach**

Dated:    04/14/2022    _____

**Felipe Toj Chach**

Dated:    04/14/2022    _____

**Raymundo Hernández**

Dated:    04/14/2022    _____

**David Sánchez**

Dated:    04/14/2022    _____

**Raymundo Aguilera Zamudio**

Dated: __04/14/2022__    _____

**Sergio Angel**

Dated: __04/14/2022__    _____

**Fernando Avila**

Dated: __04/14/2022__    _____

**Gabino Chach**

Dated: __04/14/2022__    _____

**Miguel Chach**

Dated: __04/14/2022__    _____

**Federico Ciprian**

Dated: __04/14/2022__    _____

**Francisco Gonzalez**

Dated: __04/14/2022__    _____

**Gustavo Hernandez**

Dated: ___04/14/2022_____  _____
**Francisco Julian**

Dated: ___04/14/2022_____  _____
**Dionicio Nuñez**

Dated: ___04/14/2022_____  _____
**Sidronio Rebolledo Salas**

Dated: ___04/14/2022_____  _____
**Alejandro Ríos Cardona**

Dated: ___04/14/2022_____  _____
**Benigno Ríos Cardona**

Dated: ___04/14/2022_____  _____
**Hugo Ríos**

Dated: ___04/14/2022_____  _____
**Joaquin Ríos Recéndiz**

Dated: ___04/14/2022_____  _____

|  |  |
|---|---|
|  | **Uriel Ríos Cardona** |
|  |  |
|  | _/s/ Fabian R._ |
| Dated: __04/14/2022__ |  |
|  | **Fabian Rivera Parra** |
|  |  |
|  | _/s/ Orlando Valencia_ |
| Dated: __04/14/2022__ |  |
|  | **Orlando Valencia Víveros** |
|  |  |
|  |  |
| Dated: _____ | _____ |
|  | **Industrial Pallet, LLC** |
|  | **By:** |
|  |  |
| Dated: _____ | _____ |
|  | **Randy Therrien** |
|  |  |
| Dated: _____ | _____ |
|  | **Joseph O'Brien** |
|  |  |
| Dated: _____ | _____ |
|  | **Corey Dionne** |

Dated: _____         _____
                                         **Uriel Ríos Cardona**

Dated: _____         _____
                                         **Fabian Rivera Parra**

Dated: _____         _____
                                         **Orlando Valencia Víveros**

Dated: 4/15/2022                         _____
                                         **Industrial Pallet, LLC**
                                         By: _Jaspar Lunn_

                                         DocuSigned by:
Dated: 4/15/2022                         _Randy Therrien_
                                         0EFF620ED1D64A9...

                                         **Randy Therrien**

                                         DocuSigned by:
Dated: 4/15/2022                         _O'Brien_
                                         D76C8DD5E6CF425...

                                         **Joseph O'Brien**

Dated: 4/15/2022                         _____

                                         **Corey Dionne**

{Client Matter 18466/00007/A7729026.DOCX} 11

Dated: April 15, 2022 /s/ Michael J. Wishnie

Isabelle Barnard, Law Student Intern
Eliane Holmlund, Law Student Intern
Sam Hull, Law Student Intern
Juan José Jiménez, Law Student Intern
Angie Liao, Law Student Intern
Siyuan Qin, Law Student Intern
Fernando Rojas, Law Student Intern
Meghan Brooks (ct31147)
Michael J. Wishnie (ct27221)
Sara Zampierin (ct31146)
Jerome N. Frank Legal Services Organization
P.O. Box 209090
New Haven, CT 06520
(203) 432-4800

Pablo Carrasco[1]
Justice at Work
33 Harrison Ave Suite 501
Boston, MA 02111
(857) 293-0332

*Counsel for Plaintiffs*

   */s/ Amanda Marie Baer*
Amanda Marie Baer (ct441271)
Mirick, O'Connell, DeMallie & Lougee LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
(508) 860-1472

*Counsel for Defendants*

---

[1] Admitted *pro hac vice*

**CERTIFICATE OF INTERPRETATION**

    I, Ximena Diaz, hereby certify that I interpreted the foregoing documents, written in the English language and read to me in English, into Spanish to Juan Chach, Felipe Toj Chach, Raymundo Hernandez, David Sanchez, Raymundo Aguilera Zamudio, Sergio Angel, Fernando Avila, Federico Ciprian, Francisco Gonzalez, Gustavo Hernandez, Francisco Julian, Dionicio Nuñez, Sidronio Rebolledo Salas, Alejandro Ríos Cardona, Benigno Ríos Cardona, Hugo Ríos, Joaquin Ríos Recendiz, Uriel Ríos Cardona, and Fabian Rivera Parra on April 14, 2022. I am sufficiently competent in both the English and Spanish languages to render such interpretation.

Name: \_\_\_\_Ximena Diaz_____

Signature: _____

## **CERTIFICATE OF INTERPRETATION**

    I, Eliane Holmlund, hereby certify that I interpreted the foregoing documents, written in the English language and read by me in English, into Spanish to Gabino Toj Chach on April 14, 2022. I am sufficiently competent in both the English and Spanish languages to render such interpretation.

Name: _____Eliane Homlund_____

Signature:___[signature]_____

**CERTIFICATE OF INTERPRETATION**

I, Fernando Rojas, hereby certify that I interpreted the foregoing documents, written in the English language read by me in Spanish to Orlando Valencia Viveros and Miguel Chach on April 14, 2022. I am sufficiently competent in both the English and Spanish languages to render such interpretation.

Name: Fernando Rojas

Signature: _[signed]_